

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

May 9, 2021

BY ECF

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Austin Sanctuary Networks, et al. v. U.S. Immigration & Customs Enforcement, et al.*, 20 Civ. 1686 (LJL)

Dear Judge Liman:

      This Office represents United States Immigration and Customs Enforcement ("ICE"), United States Department of the Treasury ("DOT"), and the United States Department of Justice Executive Office for Immigration Review ("EOIR") (collectively, "Defendants") in the above-captioned FOIA action. On May 5, 2021, the Court held a conference with respect to how summary judgment should proceed in this action. At that conference, the parties noted their competing proposals as to this issue. The Court then directed the parties to further meet and confer and scheduled a follow-up conference for May 10, 2021, to the extent the parties were unable to reach agreement. The parties write to inform the Court that they have reached agreement on this issue, as detailed below, and respectfully submit that the May 10 conference is no longer necessary. The parties request that the Court cancel the May 10 conference and endorse the proposal set forth below.

      As discussed at the conference, the Plaintiffs have provided Defendants with a spreadsheet of 330 documents, containing approximately 3,700 pages ("Priority Documents") that they intend to challenge on summary judgment.[1] At the conference, the Court suggested that a potential compromise between the parties could be the following. With respect to any Priority Documents that were withheld in full on the basis of being a draft, then ICE could *Vaughn* those documents solely on that basis, as opposed to having to, additionally, articulate every other exemption contained on the pages within that draft document. The parties have agreed to proceed as the Court suggested. ICE will *Vaughn* the entirety of the Priority Documents, except, with respect to fully withheld draft documents, ICE will only *Vaughn* those documents to assert exemptions pursuant to 5 U.S.C. 552 (b)(5)—specifically, their draft nature and, if applicable, that they are protected

---

[1] Plaintiffs' challenges to ICE's withholdings in this litigation will be limited to these Priority Documents.

by the attorney-client/work product privilege.[2] While ICE will not *Vaughn* other potential bases for withholding these draft documents, it preserves its right (as the Court suggested) to assert those exemptions in the event the Court rejects ICE's withholding of these documents pursuant to exemption five.[3]

The parties have agreed to the following briefing schedule, which they respectfully request the Court to adopt.

| Filing | Deadline |
|---|---|
| Defendants' Motion for Summary Judgment with *Vaughn* Index and Affidavits | Thursday, Sept. 2, 2021 |
| Plaintiffs' Cross-Motion for Summary Judgment and Opposition to Defendants' Motion | Monday, Nov. 1, 2021 |
| Defendants' Opposition to Plaintiffs' Cross-Motion for Summary Judgment and Reply in Support of Defendants' Motion | Monday, Nov. 22, 2021 |
| Plaintiffs' Reply in Support of Plaintiffs' Cross-Motion | Monday, Dec. 13, 2021 |

The parties thank the Court for its attention to this matter.

Sincerely,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: /s/ Alexander J. Hogan
ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799
E-mail: alexander.hogan@usdoj.gov

In light of the parties' agreement, the conference previously scheduled for May 10, 2021 is CANCELLED. 5/10/21.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

---

[2] At the conference, the Court proposed that ICE only *Vaughn* these fully withheld draft documents based upon their draft nature. However, ICE will, additionally, do so based upon the fact that ICE contends that many of them are additionally protected by the attorney-client privilege/work product privilege.

[3] Additionally, Plaintiffs intend to challenge the adequacy of ICE's search, but not the adequacy of the search of the other Defendants. If Plaintiffs prevail in their challenge to the adequacy of ICE's search and additional documents are produced, Plaintiffs reserve the right to challenge any redactions or withholdings in those additional productions.