# EXHIBIT D:

**Exemption 5 Deliberative Process, Attorney-Client Privilege, and Segregability**

# EXHIBIT
# D.1.

| | |
|---|---|
| **From:** | (b)(6); (b)(7)(C) |
| **Sent:** | 7 Feb 2017 09:18:10 -0500 |
| **To:** | Davidson, Michael J; (b)(6); (b)(7)(C) |
| **Cc:** | (b)(6); (b)(7)(C) |
| **Subject:** | RE: Due-Outs From Meeting with ICE and DHS Leadership HOT HOT HOT HOT |
| **Attachments:** | Ex. A.List of Penalties and Fines in INA.docx, Memorandum.doc |

Mike,

Attached is a memo and preliminary list of civil fines and penalties.

Thanks,
(b)(6); (b)(7)(C)

*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street,* (b)(6);
*Williston, VT 05495*
*T:* (b)(6); (b)(7)(C)
*Fc*
(b)(6); (b)(7)(C)

*** **Warning** *** **Attorney/Client Privilege** *** **Attorney Work Product** ***
*This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).*

---

**From:** Davidson, Michael J
**Sent:** Monday, February 06, 2017 11:24 AM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** FW: Due-Outs From Meeting with ICE and DHS Leadership HOT HOT HOT HOT

(b)(6);

Please assign to one of our attorneys the task of (b)(5)
(b)(5)
It is due to (b)(6); by COB tomorrow.
I'd appreciate seeing a draft by 1 p.m. tomorrow.

Please let e know who has this task
Thank you
Mike

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Monday, February 6, 2017 11:15 AM
**To:** Padilla, Kenneth; (b)(6); (b)(7)(C)
**Cc:** (b)(6); (b)(7)(C)  Guzman, Nicole G; (b)(6); (b)(7)(C)  Davidson, Michael J; Davis, Mike P; (b)(6); (b)(7)(C)
**Subject:** Due-Outs From Meeting with ICE and DHS Leadership

Team-

After a productive meeting with some of our new political leadership on Thursday, Mike Davis asked that I send out the following get-backs with regard to which he needs your immediate assistance and input.

(b)(5)

Please give these assignments your utmost attention, as they are an opportunity to highlight important issues for OPLA.  It would be appreciated if you could get back to me by COB tomorrow.  If that is unreasonable give the task, please let me know and let me know how much time you will need.

Thanks,

# EXHIBIT D.2.

**From:** (b)(6); (b)(7)(C)
**Sent:** 30 Mar 2017 11:52:12 -0400

(b)(6); (b)(7)(C)

**Subject:** RE: Civil Fines Meeting Minutes and Action Items

(b)(6);

(b)(5)

(b)(5)

Again – would be very interested in other perspectives on this matter – (b)(5)

(b)(5)

VR,

(b)(6); (b)(7)(C)

U.S. Immigration and Customs Enforcement
Office of Policy
Section Chief/Regulatory Coordinator
(b)(6); (b)(7)(C)

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 11:20 AM
**To:** Seguin, Debbie; (b)(6); (b)(6); (b)(7)(C)
(b)(6); (b)(7)(C)
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

To make sure we are all on the same page, we are discussing the two provisions fining aliens who fail to depart that we discussed yesterday: **INA 240B(d)** – failure to depart after order of voluntary departure and **INA 274D** – failure to depart after final order of removal?

(b)(6); nd I agree with (b)(6) that even the (b)(5)

(b)(5)

(b)(5)

(b)(6); (b)(7)(C)
Associate Legal Advisor
ICE/OPLA/EROLD
(b)(6); (b)(7)(C)

*** ATTORNEY/CLIENT PRIVILEGE *** ATTORNEY WORK PRODUCT ***
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information.  It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient.  Please notify the sender if this email has been misdirected and immediately destroy all originals and copies.  Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information.  Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement.  This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).

**From:** Seguin, Debbie
**Sent:** Thursday, March 30, 2017 11:10 AM
(b)(6); (b)(7)(C)

**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Hi all,
Please make sure that (b)(6); is included.  Thanks.

Debbie

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 11:09 AM
(b)(6); (b)(7)(C)

**Cc:** Seguin, Debbie
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Hi (b)(6);

(b)(5)

(b)(5)                                          I, too, look forward to others' thoughts on this issue.

Thanks,
(b)(6);

(b)(6); (b)(7)(C)

*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street, Suite* (b)(6)
*Williston, VT 05495*

(b)(6); (b)(7)(C)

*\*\*\* Warning \*\*\* Attorney/Client Privilege \*\*\* Attorney Work Product \*\*\**
*This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).*

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 10:31 AM
(b)(6); (b)(7)(C)

**Cc:** Seguin, Debbie
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Good Morning (b)(6); (b)(7)(C)

Thank you for continuing to raise important questions and issues regarding the EO-mandated refresh of civil fines and penalties assessment.

Per your request, (b)(5)
(b)(5)

During the meeting yesterday, as well as in your White Paper and the email below (b)(5)
(b)(5)

(b)(5) - and I think all of us fully understand the merits of your recommendation.

That said, there remains one question which I believe would be worthwhile to address: (b)(5)
(b)(5)

My current thinking is that from a legal standpoint, you are certainly correct.  But from a policy standpoint and an EO implementation standpoint, (b)(5)
(b)(5) That said, I am eager to hear the opinions of others on this matter.

Again, thank you for your very hard work on this.

VR,

(b)(6); (b)(7)(C)

U.S. Immigration and Customs Enforcement
Office of Policy
Section Chief/Regulatory Coordinator
(b)(6); (b)(7)(C)

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 9:23 AM
(b)(6); (b)(7)(C)

**Cc:** Seguin, Debbie
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Good morning,

Thanks for the productive discussion yesterday.  I didn't have time to raise this important point yesterday, and would like everyone to be aware of it so they can have it in mind as the group decides upon the future course of action.

(b)(5)

(b)(5)

(b)(5)

Thanks,

(b)(6); (b)(7)(C)

*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street, Suite* (b)(6); (b)(7)(C)
*Williston, VT 05495*

(b)(6); (b)(7)(C)

*\*\*\* Warning \*\*\* Attorney/Client Privilege \*\*\* Attorney Work Product \*\*\**
*This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).*

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, March 29, 2017 6:00 PM
(b)(6); (b)(7)(C)

**Cc:** Seguin, Debbie
**Subject:** Civil Fines Meeting Minutes and Action Items

Hi everyone,

Thanks again for taking time to meet today to discuss the civil fines and penalties and our way forward. A recap of the meeting is below along with action items for the near term.

# EXHIBIT D.3.

Thanks,

(b)(6);
(b)(7)

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Friday, March 31, 2017 9:43 AM
**To:** Davidson, Michael J (b)(6); (b)(7)(C)
**Cc:** (b)(6); (b)(7)(C)
**Subject:** FW: Civil Fines Meeting Minutes and Action Items

Mike & (b)(6);

Below is the string of emails that was generated after our meeting on Wednesday about the civil fines
and penalties.  I was surprised to see that (b)(6), asked for a meeting with you.  He was not present
during Wednesday's meeting, and the group has a plan to move forward on the issues.  We are

(b)(5)

Bottom Line:  I think a separate meeting with (b)(6) at this point is unnecessary.

Please let me know if you'd like any further information.

(b)(6); (b)(7)(C)

*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street,* (b)(6); (b)(7)(C)
*Williston, VT 05495*
*T:* (b)(6); (b)(7)(C)
*Fo*
(b)(6); (b)(7)(C)

*\*\*\* Warning \*\*\* Attorney/Client Privilege \*\*\* Attorney Work Product \*\*\**
*This communication and any attachments may contain confidential and/or sensitive attorney/client
privileged information or attorney work product and/or law enforcement sensitive information.  It is not
for release, review, retransmission, dissemination, or use by anyone other than the intended recipient.
Please notify the sender if this email has been misdirected and immediately destroy all originals and
copies.  Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information.  Any
disclosure of this communication or its attachments must be approved by the Office of the Principal Legal
Advisor, U.S. Immigration and Customs Enforcement.  This document is for INTERNAL GOVERNMENT USE*

*ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).*

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 11:20 AM
**To:** Seguin, Debbie; (b)(6); (b)(7)(C)
(b)(6); (b)(7)(C)
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

To make sure we are all on the same page, we are discussing the two provisions fining aliens who fail to depart that we discussed yesterday: **INA 240B(d)** – failure to depart after order of voluntary departure and **INA 274D** – failure to depart after final order of removal?

(b)(6); and I agree with (b)(6); that even the (b)(5)

(b)(5)

(b)(6); (b)(7)(C)
Associate Legal Advisor
ICE/OPLA/EROLD
(o) (b)(6); (b)(7)(C)
(c)

*** ATTORNEY/CLIENT PRIVILEGE *** ATTORNEY WORK PRODUCT ***
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).

---

**From:** Seguin, Debbie
**Sent:** Thursday, March 30, 2017 11:10 AM
(b)(6); (b)(7)(C)

**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Hi all,
Please make sure that (b)(6); (b)(7) is included. Thanks.

Debbie

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 11:09 AM

(b)(6); (b)(7)(C)

**Cc:** Seguin, Debbie
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Hi (b)(6);

(b)(5)

(b)(5)                                    I, too, look forward to others' thoughts on this issue.

Thanks,

(b)(6); (b)(7)(C)

*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street,* (b)(6);
*Williston, VT 05495*
*T:* (b)(6); (b)(7)(C)
*Fa* 
(b)(6); (b)(7)(C)

*\*\*\* Warning \*\*\* Attorney/Client Privilege \*\*\* Attorney Work Product \*\*\**
*This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).*

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 10:31 AM

(b)(6); (b)(7)(C)

**Cc:** Seguin, Debbie
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Good Morning (b)(6); (b)(7)(C)

Thank you for continuing to raise important questions and issues regarding the EO-mandated refresh of civil fines and penalties assessment.

Per your request (b)(5)
(b)(5)

During the meeting yesterday, as well as in your White Paper and the email below, (b)(5)
(b)(5)
(b)(5) – and I think all of us fully understand the merits of your recommendation.

That said, there remains one question which I believe would be worthwhile to address (b)(5)
(b)(5)

My current thinking is that from a legal standpoint, you are certainly correct. But from a policy standpoint and an EO implementation standpoint, (b)(5)
(b)(5) That said, I am eager to hear the opinions of others on this matter.

Again, thank you for your very hard work on this.

VR,

(b)(6); (b)(7)(C)

U.S. Immigration and Customs Enforcement
Office of Policy
Section Chief/Regulatory Coordinator
(b)(6); (b)(7)(C)

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, March 30, 2017 9:23 AM
(b)(6); (b)(7)(C)
**Cc:** Seguin, Debbie
**Subject:** RE: Civil Fines Meeting Minutes and Action Items

Good morning,

Thanks for the productive discussion yesterday. I didn't have time to raise this important point yesterday, and would like everyone to be aware of it so they can have it in mind as the group decides upon the future course of action.

(b)(5)

Thanks,

(b)(6); (b)(7)(C)

*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street,* (b)(6);
*Williston, VT 05495*
*T:* (b)(6); (b)(7)(C)
*Fax* 
(b)(6); (b)(7)(C)

*** *Warning* *** *Attorney/Client Privilege* *** *Attorney Work Product* ***
*This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient.*

# EXHIBIT D.4.

| From: | Davidson, Michael J |
|---|---|
| Sent: | 4 Apr 2017 09:54:31 -0400 |
| To: | (b)(6); (b)(7)(C) ;Davis, Mike P |
| Cc: | (b)(6); (b)(7)(C) |
| Subject: | RE: EO Civil Fines and Penalties Legal Analysis |

Thank you (b)(6);

---

**From:** (b)(6); (b)(7)(C)
**Sent:** Tuesday, April 4, 2017 9:51 AM
**To:** Davis, Mike P
**Cc:** (b)(6); (b)(7)(C)
**Subject:** FW: EO Civil Fines and Penalties Legal Analysis

Mike,

Mike Davidson asked me to summarize for you the current status of the analysis of civil penalties and fines. Our office has prepared two memos – the first one was the white paper that you reviewed in February on (b)(5) The second memo is attached. It addresses whether (b)(5) (b)(5) To our knowledge, the attached memo has been shared only with ICE Policy and CBP.

(b)(5)

I will be forwarding an email string that summarizes the meeting OPLA had with ICE Policy on March 29, which includes the list of action items developed from that meeting. I will also be forwarding an email I received from ICE policy that includes CBP's assessment of what additional regulatory action is needed to assess fines within CBP's purview.

(b)(6); (b)(7)(C)
*Deputy Chief*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
*166 Sycamore Street,* (b)(6); (b)(7)(C)
*Williston, VT 05495*
*T:* (b)(6); (b)(7)(C)

# EXHIBIT D.5.

H[(b)(6); (b)(7)(C)]... since [(b)(6);] weighed in on the issue of [(b)(5)]
[(b)(5)]

Do you concur?

**From:** [(b)(6); (b)(7)(C)]
**Sent:** Monday, July 16, 2018 11:40 AM
**To:** [(b)(6); (b)(7)(C)]
**Cc:**
**Subject:** RE: [(b)(5)] - OPLA document

H[(b)(6);]

Yes, we had a chance to review the draft and provide input before it was sent to you.

Thanks,
[(b)(6); (b)(7)(C)]

*Associate Legal Advisor*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
166 Sycamore Street, Suite [(b)(6)]
Williston, VT 05495
[(b)(6); (b)(7)(C)]

*** *Warning* *** *Attorney/Client Privilege* *** *Attorney Work Product* ***
*This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).*

**From:** [(b)(6); (b)(7)(C)]
**Sent:** Monday, July 16, 2018 10:38 AM
**To:** [(b)(6); (b)(7)(C)]
**Cc:**
**Subject:** [(b)(5)] - OPLA document
**Importance:** High

Hi [(b)(6); (b)(7)(C)] – as you may know Jon Feere asked whether [(b)(5)]
[(b)(5)]
[(b)(5)] OPLA reviewed the issue at his direction and provided the attached document.

Did you get a chance to review this draft document or provide input before it was sent to me?

Thanks!

**From:** [(b)(6); (b)(7)(C)]
**Sent:** Friday, July 13, 2018 1:16 PM
**To:** [(b)(6); (b)(7)(C)]
**Cc:**
**Subject:** RE: question

[(b)(6); (b)(7)]

Please see attached our answers to the [(b)(5)] Bottom line, [(b)(5)]
[(b)(5)]

Thanks again for your patience on this.

[(b)(6); (b)(7)(C)]
Chief
Enforcement and Removal Operations Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
[(b)(6); (b)(7)(C)]

**--- ATTORNEY/CLIENT PRIVILEGE --- ATTORNEY WORK PRODUCT ---**
This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this message has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** [(b)(6); (b)(7)(C)]
**Sent:** Thursday, July 12, 2018 7:31 AM
**To:** [(b)(6); (b)(7)(C)]
**Subject:** RE: question

Thanks. ☺

**From:** [(b)(6); (b)(7)(C)]
**Sent:** Wednesday, July 11, 2018 4:18 PM

# EXHIBIT D.6.

**Cc:** Loiacono, Adam V [(b)(6); (b)(7)(C)]

**Subject:** RE: Seizure of personal assets

Good morning [(b)(6); (b)(7)(C)] – Thanks for sending me the document last night.

A few more follow up questions for you if I may – and thanks in advance for your help.

[(b)(5)]

(b)(5)

**From:** (b)(6); (b)(7)(C)
**Sent:** Monday, August 6, 2018 5:05 PM
**To:** (b)(6); (b)(7)(C)
**Cc:** Loiacono, Adam V (b)(6); (b)(7)(C)
**Subject:** RE: Seizure of personal assets

H (b)(6); (b)(7)(C)

(b)(5)

(b)(6); (b)(7)(C)

*Associate Legal Advisor*
*Commercial & Administrative Law Division (CALD)*
*Office of the Principal Legal Advisor*
*U.S. Immigration and Customs Enforcement*
*U.S. Department of Homeland Security*
166 Sycamore Street, Suit (b)(6); (b)(7)(C)
Williston, VT 05495
(b)(6); (b)(7)(C)

*** *Warning* *** *Attorney/Client Privilege* *** *Attorney Work Product* ***

# EXHIBIT D.7.

| From: | ERO Taskings |
|---|---|
| **Sent:** | 8 Nov 2018 17:17:43 +0000 |
| **Subject:** | Civil Penalty Initiative |
| **Attachments:** | 240B questionnaire.docx, 274D questionnaire.docx |

*The following message is sent on behalf of* (b)(6); (b)(7)(C) *Acting Assistant Director for Field Operations, with the concurrence of Tae Johnson, Assistant Director for Custody Management:*

**To: Field Office Directors, Deputy Field Office Directors, and Assistant Field Office Directors**

**Subject: Civil Penalty Initiative**

On June 19, 2018, former ICE Acting Director Thomas D. Homan signed ICE Directive 10088.1: "*Fines and Penalties for Civil Violations of Immigration Law*," which sets forth policy regarding the assessment and collection of penalties for an alien who fails to depart voluntarily within the time specified under the Immigration and Nationality Act (INA) § 240B(d) (8 U.S.C. § 1229c(d)), and INA § 274D for an alien subject to a final order of removal who willfully fails or refuses to depart the United States pursuant to that removal order (8 U.S.C. § 1324d).

Since the Directive went into effect, the Headquarters Bond Management Unit (HQBMU) has identified a relatively small group of cases for review to determine (b)(5) As a part of this effort, (b)(5)

(b)(5)

For the expansion of ERO's Civil Penalties Initiative, each ERO field office will be responsible for identifying cases within their area of responsibility for penalty consideration. Every month, two pre-assigned field offices must identify and submit 25 cases to Headquarters for penalty consideration. In each instance, the alien must have either failed to timely depart the United States after having received an order of Voluntary Departure (VD) issued by an Immigration Judge (IJ) or failed to comply with an order of removal. To the extent possible, submitted cases should be an equal mix of §240B and §274D violations. The work performed at the field level will be similar in nature to the field's efforts in the past (completion of an executive summary and questionnaire), however for this phase, the field will be responsible for identifying the individual to be fined.

Commencing on December 1, 2018, followed by the first of every month thereafter (or the first business day of the month if the first of the month falls on a weekend/holiday), by close of business certain identified field offices must:

- Identify 25 individuals who within the last five years were either:

- o failed to timely depart pursuant to a voluntary departure order granted by an immigration judge, or

- o willfully failed to comply with a final order of removal.

- Conduct a review of the individual's A-file and complete the appropriate attached questionnaire relating to either a §240B or §274D violation.

- Write an executive summary specifically addressing the issues identified below.

- Provide the name of the ERO officer at the GS-13/14 level who will serve in a collateral capacity as the office's Civil Penalties Coordinator (CPC).

- Send the CPC's name and contact information, along with the 25 questionnaires and executive summaries, to the Bond Management Unit mailbox at (b)(7)(E) (b)(7)(E)

  - o *Note - The 25 summaries and corresponding questionnaires must all be sent on the same day as attachments to 25 separate emails with the relevant alien number identified in the subject line of each email.*

The following details should be included in each executive summary:

- The alien's name, A number, date of birth, country of birth, date and place of entry into the United States, as well as class of admission, if any;

- Criminal convictions;

- Grounds for removal;

- Immigration hearing history, to include motions to reopen or reconsider, appeals, or federal appeals or petitions that the alien filed after the IJ granted VD or ordered the alien removed; whether any matters are currently pending, and whether there is a stay of removal currently in effect;

- Record indices searched to verify the alien was granted VD and failed to depart and/or has an administratively final order of removal and willfully failed to comply with removal;

- A description of the efforts the alien has taken to avoid removal, timely departure, or violations of any other immigration enforcement action (*i.e.,* breached bond, violation of an Order of Supervision (OSUP), failure to surrender, ATD violations, etc.);

- Whether the alien is detained in ICE custody; and

- Whether the alien is represented by counsel.

As the following cases are unsuitable for pursuing a civil penalty, the field should not submit:

- VD cases lacking an IJ's Order;

- VD cases lacking an IJ's signed Warning to the Alien regarding the civil penalty;

- *In absentia* Final Order of Removal cases;

- Cases with appeals pending which stay the alien's removal;

- Unlawful re-entry cases (criminal penalty applies);

- Cases released under an OSUP (criminal penalty applies);

- Cases where the initial § 240B or § 274D violation occurred beyond the five-year statute of limitations.[1]

In a situation where a case receives high media interest (i.e. sanctuary case, pending litigation, health issues), prior to completing any summary or questionnaire, the field should reach out to (b)(6); (b)(7)(C) Enforcement Program Manager, via email at (b)(6); (b)(7)(C)

If a case is deemed suitable for a penalty and additional documents are needed from the alien's file, the CPC will be notified, and the submission of these documents must be made no later than two business days from the time the CPC receives notification. After submissions are reviewed and if a case is identified as unsuitable for a penalty, the CPC will be notified to submit a 'substitution' case to the HQBMU mailbox for consideration.

In the event the alien is located at any point after documents have been submitted to headquarters, Field Office Directors should always opt for removal over a penalty. Should this occur, the CPC must promptly notify headquarters via email at (b)(7)(E) (b)(7)(E) so that the case may be reviewed to determine whether the penalty should proceed or be withdrawn upon the alien's removal.

Finally, if a field office outside of the rotational cycle provided below wishes to assess a penalty on a specific case, please contact (b)(6); (b)(7)(C) via email at (b)(6); (b)(7)(C) to obtain concurrence prior to submitting any documentation.

**Civil Penalty Initiative**
**2018-2019 Rotational Cycle**

| Month | Eastern | Western |
|---|---|---|
| **December** | Washington | Dallas |
| **January** | Baltimore | Denver |
| **February** | Boston | El Paso |
| **March** | Buffalo | Houston |
| **April** | Chicago | Los Angeles |

# EXHIBIT
# D.8.

**Subject:** Civil Fines tasking 4-18-2019

Good afternoon,

On June 19, 2018, former ICE Acting Director Thomas D. Homan signed ICE Directive 10088.1: *Fines and Penalties for Civil Violations of Immigration Law*, which sets forth policy regarding the assessment and collection of penalties for an alien who fails to depart voluntarily within the time specified under the Immigration and Nationality Act (INA) § 240B(d) (8 U.S.C. § 1229c(d)), and INA § 274D for an alien subject to a final order of removal who willfully fails or refuses to depart the United States pursuant to that removal order (8 U.S.C. § 1324d).

Your office has been identified as having a sanctuary case(s) within your area of responsibility where the alien either failed to timely depart the United States after having received an order of Voluntary Departure (VD) issued by an Immigration Judge (IJ) or failed to comply with an order of removal, and later took a voluntary willful action to enter a sensitive location to avoid arrest and removal by ICE.   In order for HQ to determine if  the individual may be amenable for a fine, certain information must be provided to HQ. Please review the attached spreadsheet for cases in green and yellow highlights. For those highlighted cases in your AOR:

- Conduct a review of the individual's A-file and complete the attached questionnaire relating to either a §240B or §274D violation.

- Provide information similar to that which you would provide in an executive summary within the comment portion of the questionnaire – or in the alternate – attach an updated ES to the questionnaire which responds to the questions in section E and F of the questionnaire.

The following details should be included either on the questionnaire on in the updated executive summary which accompanies the questionnaire:

(b)(5)

(b)(5)

Please provide your responses to your Domestic Operations desk officer no later than 12:00 noon on Tuesday, April 23, 2019.

For questions, please contact (b)(6); (b)(7)(C) via email at (b)(6); (b)(7)(C)

(b)(6); (b)(7)(C)
*ERO Domestic Operations - West*
*Unit Chief*
**Enforcement and Removal Operations**
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
202-732-(b)(6) (Desk)  202-200-(b)(6) (Mobile)

# EXHIBIT
# D.9.

| From: | (b)(6); (b)(7)(C) |
|---|---|
| **Sent:** | 23 Oct 2019 10:59:53 +0000 |
| **To:** | Loiacono, Adam V |
| **Subject:** | RE: Civil Fines 274D Issue |

Thanks!

**From:** Loiacono, Adam V (b)(6); (b)(7)(C)
**Sent:** Tuesday, October 22, 2019 10:36 AM
(b)(6); (b)(7)(C)

**Cc:** (b)(6); (b)(7)(C) Loiacono, Adam V (b)(6); (b)(7)(C)
**Subject:** RE: Civil Fines 274D Issue

(b)(6); (b)(7)(C)

Please find the data attached.

Thanks,

Adam V. Loiacono
Deputy Principal Legal Advisor for Enforcement and Litigation
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
Desk: (b)(6); (b)(7)(C)
Iphone (b)(6); (b)(7)(C)

--- ATTORNEY/CLIENT PRIVILEGE --- ATTORNEY WORK PRODUCT ---
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information.  It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient.  Please notify the sender if this email has been misdirected and immediately destroy all originals and copies.  Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information.  Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement.  This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 U.S.C. §§ 552(b)(5), (b)(7).

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, October 17, 2019 10:22 AM
**To:** Loiacono, Adam V (b)(6); (b)(7)(C)
(b)(6); (b)(7)(C)
**Cc:** (b)(6); (b)(7)(C)
**Subject:** RE: Civil Fines 274D Issue

I have a question – (b)(5)
(b)(5)

# EXHIBIT D.10.

(b)(6); (b)(7)(C) Thanks for taking the time to meet with me about civil fines. As discussed, (b)(5)

(b)(5) In the example I provided to you, the following criteria would be met:

(b)(5)

1.

2.
3.
4.

5.
6.
7.

While other criteria is necessary (i.e. (b)(5) ) – that can be obtained through the case review process.

(b)(5)

If this works, (b)(5)
(b)(5)

**Reminder – (b)(5)
(b)(5)

# EXHIBIT D.11.

# Civil Fines Update
# January 2, 2020

- **Sanctuary cases**
  - (b)(6); (b)(7)(C) a sanctuary case who was issued a Final Order to Fine pursuant to INA Section 240B – was granted a pardon by the Governor of Colorado for her conviction of criminal impersonation (b)(5) (b)(5) (b)(5) The decision to fine was mailed to her on 12/05/19. She has 30 days from that date to appeal the decision. As of 01/02/2020, no appeal has been received.

- **Sponsor Cases**
  - During the week of 10/28/19, 42 NIFs for INA 240B violations were mailed to UAC sponsors.
    - 30 NIFs (71.5%) have been returned to ICE as undeliverable.
    - 4 NIFs (9.5%) remain unaccounted for.
    - 8 NIFs (19%) were delivered to the alien's last known address.
      - 3 responses (7.1%) were received. The responses advise ICE that the alien made a timely departure during the VD period and presented documentation supporting this claim. The effected field offices have confirmed departure. As a result, the 3 NIFs were withdrawn.
      - 5 NIFs (11.9%) are pending the issuance of an unappealable decision for failure to respond.

- **Results**
  - 239 NIFs have been mailed since the civil fines program commenced in 2018.
  - As of 01/02/2020 – total fines collected - $3706.18 (includes interest).
    - As of 01/02/2020
      - 15 cases were billed by the National Finance Center.
      - 12 of these cases were later referred to the Treasury

Department and are now awaiting collection.
- ICE has been successful in collecting money from only 2 cases of 239 NIF'd (.8%).
    - One case paid in full ($3002.58).
    - One case is making partial monthly payments by credit card at a rate of $100/month ($703.60).


In the event questions arise about (b)(6); (b)(7)(C) – a sanctuary case that was not included in our initial service on sanctuary cases….. (Jon Feere inquired about her last week) …..  She received an in absentia order in 2006 and never received warnings from the IJ about penalties for failure to depart. She has appealed the denial of the MTR the 2006 decision. No stay is in effect. Without the warning – she cannot be fined.

| | |
|---|---|
| **From:** | (b)(6); (b)(7)(C) |
| **To:** | |
| **Subject:** | Civil Fines Updates |
| **Date:** | Thursday, February 6, 2020 4:01:17 PM |

## Civil Fines Update
## February 6, 2020

- On 1/29/2020 ERO HQ received from the Board of Immigration Appeals the Notice of Appeal for a fine imposed on [(b)(6); (b)(7)(C)] a sanctuary case out of the Denver Field Office.
  - [(b)(6); (b)(7)(C)] who was issued a Final Order to Fine pursuant to INA Section 240B on 12/05/2019 – was granted a pardon by the Governor of Colorado for her conviction of criminal impersonation. [(b)(5)]
    [(b)(5); (b)(6); (b)(7)(C)]
  - The appeal is the first received by ERO for its civil fines program.
  - On 02/06/2020 ERO met with OPLA to discuss [(b)(5)]
    [(b)(5)]
- On 02/06/2020, a meeting was held between ERO, OPLA and the ICE Senior Advisor (Jon Feere) to discuss proposed regulatory changes.
- As of 02/06/2020 – total fines collected - $3909.93 (includes interest).

| | |
|---|---|
| **From:** | (b)(6); (b)(7)(C) |
| **To:** | |
| **Subject:** | Civil Fines updates |
| **Date:** | Thursday, November 21, 2019 5:23:31 PM |
| **Attachments:** | Civil Fines Update (11212019).docx |

Please note bullet on page 2 – This makes us 2 for 2. Both who paid got deported.

- ○ On 11/7/2019, ERO arrested (b)(6); (b)(7)(C) a citizen of Guatemala who was issued a NIF in April 2019. His address was determined to be valid when he paid his fine in the amount of $3,002.58 (with interest). He was removed from the U.S. via ICE air charter on 11/21/2019.

**Civil Fines Update**
**November 21, 2019**

- Sanctuary cases
  - (b)(5)

    (b)(5)    Due Monday November 25th.
  - DHS OGC and DOJ have drafted a letter titled (b)(5)

    (b)(5)

    - Tasking has been prepared and will be sent to FODs on Monday November 25th with a call up date of Tuesday November 26th.
    - FODs must send the warning letters to these 8 individuals on Tuesday November 26th.
    - Accompanying the warning letters will be a G-56 call in notice that schedules these individuals to appear at ICE – date certain - no later than December 11, 2019.
      - (b)(5)

  - ERO has prepared a final order to fine the sole 240B sanctuary case. The amount of the fine is $4,792. The decision which can be appealed to the BIA will be mailed out on the same date as the warning letters.
  - The Office of Public Affairs has been notified of the upcoming events.
  - (b)(5)

- The 42 *Notice of Intention to Fine* for INA 240B violations that were mailed out to UAC sponsors during the week of October 28th remain in play.
  - 12 NIFs were returned to ICE as undeliverable.
  - 7 NIFs were delivered.
    - 2 responses were received. At least 1 of the 2 NIFs will be withdrawn as evidence was presented of the alien's timely departure. The second case is awaiting verification from the field as to whether the case will be closed out as a timely departure.

- A redelegation of authority was drafted for the EAD's signature (b)(5)
  (b)(5)    The document is with OPLA for review.

- As of 11/21/2019 – total fines collected are $3604.18 (includes interest).
  - On 11/7/2019, ERO arrested (b)(6); (b)(7)(C) citizen of Guatemala who was issued a NIF in April 2019. His address was determined to be valid when he paid his fine in the amount of $3,002.58 (with interest). He was removed from the U.S. via ICE air charter on 11/21/2019.

# EXHIBIT D.12.

| Office | Alien Number | Last | First | DOB | Country | Crim | Attorney | § 240B | VD Expires | IJ Warnings | § 274D | FO Date | Sanctuary Date | Calculation Date | # Days in Violation | NIF Amount | NIF Date | Comments | Status Update (08/12/2019) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEN | (b)(6); (b)(7)(C) | | | | El Salvador | N | Y | | | | X | 9/30/2014 | 8/9/2017 | 8/9/2017 | 640 | 511,360.00 | 6/26/2019 | NIF amount based on the time alien was in sanctuary until the time she voluntarily reported to ICE on 5/10/2019. (b)(6) she was immediately placed on OSUP. Statute of limitations expires 9/29/2019. | Extension to respond granted until 08/26/2019. Attorney notified via email on 07/10/2019. |
| DET | | | | | Mexico | Y | Y | | | | X | 10/28/2016 | 10/2/2017 | 10/10/2017 | 623 | 497,777.00 | | Granted VD by IJ in 2009. Left during VD period. 2009 charged with improper entry and removal under ER. 2013 - issued NTA, ordered removed 2015. Appeeal dismissed 2016. | |
| DEN | | | | | Peru | Y | Y | X | 5/15/2016 | X | | 3/16/2016 | 10/17/2017 | | | 4,792.00 | | Convicted of impersonation. | |
| ATL | | | | | Honduras | Y | Y | | | | X | 3/23/2018 | 4/12/2018 | 4/12/2018 | 439 | 350,761.00 | | (b)(5) PFR filed with 4CC on 10/1/18. No indication of court date. No stay issued. | |
| WAS | | | | | Honduras | N | Y | | | | X | 3/10/2015 | 6/20/2018 | 6/20/2018 | 370 | 295,630.00 | | (b)(5) In absentia with MTR. BIA dismissal 10/17/18 to IJ 2nd denial of MTR on 4/19/2018. Honduran child has final in absentia order - never filed MTR. Married to LPR with I-130 pending. Unknown if LPR is father of Honduran child. | |
| SNA | | | | | Guatemala | N | Y | | | | X | 4/30/2015 | 2/9/2018 | 2/9/2018 | 380 | 303,620.00 | | (b)(5) into sanctuary 2/9/18. Failed to report 3/19/19. (b)(6); (b)(7)(C) also final order. No SIJ petition pending - appeal dismissed. No stays. | |
| DET | | | | | Guatemala | Y | Y | | | | X | 6/15/2016 | 5/1/2018 | 12/28/2017 | 544 | 434,656.00 | | VD filed PFR rendering her 274D case. - Asked atty for copy of G-28. He said we already have. Reached out to DET to ask for copy. | |
| SLC | | | | | Honduras | N | Y | | | | | 6/7/2017 | 1/31/2018 | 1/31/2018 | 568 | 453,832.00 | | Appeal with 10th CC - 4/4/19 placed appeal in abatement - hearing 5/7/19. No benefits or stays granted that date. Kids in sanctuary. Honduran child also a final order. | |
| WAS | | | | | Guatemala | N | Y | | | | X | 7/16/2018 | 9/30/2018 | 9/30/2018 | 268 | 214,132.00 | | In absentia with MTR. Appeal pending -for MTR. Confirmed - No stay in effect. | |
| | | | | | | | | | | | | | Sanctuary Total | | | 3,066,560.00 | | | |

# EXHIBIT

# D.13.

Page 2382

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 2383

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 2384

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 2385

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 2386

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 2387

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 2388

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

# EXHIBIT D.14.

Page 5319

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

Page 5320

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

Page 5321

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

Page 5322

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

Page 5323

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

Page 5324

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

Page 5325

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

# EXHIBIT D.15.

- Because of the many statutory requirements that must be met before ICE can enforce the payment of a civil penalty, it has been challenging in trying to determine which type of case may be best suited for penalty consideration. [(b)(5)] In 2018 HQ ERO sent out 24 NIFs to individuals across the country. 20 NIFs were returned as undeliverable.Of the 4 NIFs served: 1 alien was arrested and removed. The NIF was withdrawn and fine proceedings terminated. [(b)(7)(E)]

[(b)(7)(E)]

[(b)(7)(E)] .2 aliens are currently in the custody of another LEA awaiting trials for murder and drug trafficking. The aliens were personally served NIFs by ERO field officers. They failed to respond to the NIFs. Unappealable decisions were issued and the cases are now with the FSC-B pending collection.

# EXHIBIT
# D.16.

Page 1978

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

# EXHIBIT D.17.

| | |
|---|---|
| **From:** | (b)(6); (b)(7)(C) |
| **Sent:** | 8 May 2019 15:27:28 +0000 |
| **To:** | (b)(6); (b)(7)(C) |
| **Cc:** | |
| **Subject:** | FW: Baltimore Response: Civil Fines tasking 4-18-2019 |
| **Attachments:** | RE: 5 year statute of limitations for civil fines |

(b)(6); (b)(7)(C

Thanks for agreeing to a call this afternoon, 3:15 p.m., to talk about how we would like to interpret (b)(5)
(b)(5)
(b)(5)                                              Below and attached is some of the back and forth on the topic, including
with you a few months back.  Here is the main issue to discuss:

(b)(5)

Talk with you later and thanks again,

(b)(6); (b)(7)(C)
Associate Legal Advisor
Enforcement and Removal Operations Law Division
Department of Homeland Security, U.S. Immigration & Customs Enforcement
Desk Phone (b)(6); (b)(7)(C)
Cell Phone:
Email: (b)(6); (b)(7)(C)

*** Warning *** Attorney/Client Privilege *** Attorney Work Product ***
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, retransmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, May 8, 2019 10:32 AM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** RE: Baltimore Response: Civil Fines tasking 4-18-2019

Hi (b)(6); – I attached some back and forth between you, me and CALD. (b)(5)
(b)(5) – however (b)(6) s email indicates otherwise. (b)(5)
(b)(5); (b)(6); (b)(7)(C)

(b)(5)

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, May 8, 2019 9:06 AM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** RE: Baltimore Response: Civil Fines tasking 4-18-2019

(b)(6); (b)(7)(

In the case of (b)(6); (b)(7)(C) you asked (b)(5)
(b)(5)

(b)(5) In this case, (b)(6); (b)(7)(C)
(b)(6); (b)(5)
(b)(7)(C)
(b)(5)

(b)(5); (b)(6); (b)(7)(C)

(b)(5) What do you think?

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, May 8, 2019 10:32 AM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** RE: Baltimore Response: Civil Fines tasking 4-18-2019

Hi (b)(6); – I attached some back and forth between you, me and CALD. (b)(5)
(b)(5) – however (b)(6) s email indicates otherwise. (b)(5)
(b)(5); (b)(6); (b)(7)(C)

(b)(5)

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, May 8, 2019 9:06 AM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** RE: Baltimore Response: Civil Fines tasking 4-18-2019

(b)(6); (b)(7)(

In the case of (b)(6); (b)(7)(C) you asked (b)(5)
(b)(5)

(b)(5) In this case, (b)(6); (b)(7)(C)
(b)(6); (b)(5)
(b)(7)(C)
(b)(5)

(b)(5); (b)(6); (b)(7)(C)

(b)(5) What do you think?

(b)(6); (b)(7)(C)

Associate Legal Advisor
Enforcement and Removal Operations Law Division
Department of Homeland Security, U.S. Immigration & Customs Enforcement
Desk Phone (b)(6); (b)(7)(C)
Cell Phone:
Email: (b)(6); (b)(7)(C)

*** Warning *** Attorney/Client Privilege *** Attorney Work Product ***
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).

**From:** (b)(6); (b)(7)(C)
**Sent:** Tuesday, May 7, 2019 3:43 PM
**To:** (b)(6); (b)(7)(C)
**Subject:** FW: Baltimore Response: Civil Fines tasking 4-18-2019

As discussed

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, April 24, 2019 6:51 AM
**To** (b)(6); (b)(7)(C)
**Cc**
**Subject:** RE: Baltimore Response: Civil Fines tasking 4-18-2019

Good morning,

I updated the summary to reflect the denied MTR
I am checking with OCC (b)(5)
(b)(5)
(as I'm working off of PLAnet notes and they do not specify the reason)

Also,
As the subject's attorney could not provide an address and the we haven't heard anything from the church, I am betting she went back to Virginia to be with her kids.

Thank you

(b)(6);
(b)(7)(C

**From:** (b)(6); (b)(7)(C)
**Sent:** Tuesday, April 23, 2019 4:02 PM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** FW: Baltimore Response: Civil Fines tasking 4-18-2019

(b)(6); (b)(7)(C) – nice detail on your write up.

Re: the MTR submitted based on country conditions – since the alien was an *in absentia* order on 1/10/2006 –

1. (b)(5)
2.                                                      Unclear as written.

Thanks!

**From:** (b)(6); (b)(7)(C)
**Sent:** Tuesday, April 23, 2019 2:55 PM
**To** (b)(6); (b)(7)(C)
**Subject:** FW: Baltimore Response: Civil Fines tasking 4-18-2019

Please see ERO BAL.

(b)(6); (b)(7)(C)
Unit Chief
Domestic Operations Division-East
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
500 12th St, SW
Washington, DC 20024
(b)(6); (b)(7)(C) Desk
                   Cell

**Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO).** It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. **No portion of this report should be furnished to the media, either in written or verbal form.**

**From:** (b)(6); (b)(7)(C)
**Sent:** Tuesday, April 23, 2019 2:41 PM
**To:** (b)(6); (b)(7)(C)
**Subject:** FW: Baltimore Response: Civil Fines tasking 4-18-2019

# EXHIBIT
# D.18.

**From:** Loiacono, Adam V < (b)(6); (b)(7)(C)

**Sent:** Wednesday, October 9, 2019 4:16 PM

**To:** (b)(6); (b)(7)(C)

**Cc:**

**Subject:** RE: ERO 274D NIF withdrawal letters in sanctuary cases

(b)(5)

(b)(6); (b)(7)(C)

Deputy Principal Legal Advisor for Enforcement and Litigation
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
Desk: (b)(6); (b)(7)(C)
Iphon (b)(6); (b)(7)(C)

--- ATTORNEY/CLIENT PRIVILEGE --- ATTORNEY WORK PRODUCT ---
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law
enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the
sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use
this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and
Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5
U.S.C. §§ 552(b)(5), (b)(7).

**From:** (b)(6); (b)(7)(C)

**Date:** Wednesday, Oct 09, 2019, 3:56 PM

**To:** Loiacono, Adam V (b)(6); (b)(7)(C)

**Cc:** (b)(6); (b)(7)(C)

**Subject:** ERO 274D NIF withdrawal letters in sanctuary cases

Hi Adam,

(b)(5)

(b)(5)                                    I don't recall that.    (b)(5)

(b)(5)

(b)(6); (b)(7)(C)

Deputy Chief of Staff
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street SW (b)(6); Floor
Washington, DC  20024
Desk (b)(6); (b)(7)(C)
Cell:
E-mail: (b)(6); (b)(7)(C)

*** WARNING *** ATTORNEY/CLIENT PRIVILEGE *** ATTORNEY WORK PRODUCT *** This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this message has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From** (b)(6); (b)(7)(C)
**Sent:** Wednesday, October 9, 2019 3:46 PM
(b)(6); (b)(7)(C)

**Subject:** RE: Status check

Sorry (b)(6); (b)(7)(C) (b)(5)
(b)(5) Perhaps I misunderstood.

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, October 9, 2019 3:39 PM
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: Status check

Hi L (b)(6):

The letter from ERO can simply indicate that, (b)(5)

(b)(6); (b)(7)(C)
Deputy Chief of Staff
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street SW, (b)(6) Floor
Washington, DC 20024
Desk (b)(6); (b)(7)(C)
Cell:
E-mail: (b)(6); (b)(7)(C)

*** WARNING *** ATTORNEY/CLIENT PRIVILEGE *** ATTORNEY WORK PRODUCT *** This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this message has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, October 9, 2019 3:37 PM
(b)(6); (b)(7)(C)

**Subject:** RE: Status check

(b)(6) I wasn't aware we were reviewing anything on that.  Unless (b)(6); (b)(7)(C) has it, is there something you could forward?

I am good any time tomorrow if we want to meet further with (b)(6); (b)(7)(

Thanks,
(b)(6); (b)(7)(C)

**From:** (b)(6); (b)(7)(C)
**Date:** Wednesday, Oct 09, 2019, 3:26 PM
(b)(6); (b)(7)(C)

**Subject:** Status check

Hi guys – just inquiring on the status of the OPLA draft withdrawal letter (b)(5)

Thanks!

# EXHIBIT
# D.19.

Page 1455

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 1456

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 1457

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

# EXHIBIT D.20.

| | |
|---|---|
| **From:** | (b)(6); (b)(7)(C) |
| **Sent:** | 21 Nov 2019 18:49:45 +0000 |
| **To:** | Davis, Mike P;Loiacono, Adam V |
| **Subject:** | RE: (b)(5) 274D - Sanctuary cases |

Great point. (b)(5)

(b)(6); (b)(7)(C)

Chief
Enforcement and Removal Operations Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

--- ATTORNEY/CLIENT PRIVILEGE --- ATTORNEY WORK PRODUCT ---
This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient.  Please notify the sender if this message has been misdirected and immediately destroy all originals and copies.  Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement.  This document is for INTERNAL GOVERNMENT USE ONLY.  FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** Davis, Mike P <(b)(6); (b)(7)(C)
**Sent:** Thursday, November 21, 2019 1:23 PM
**To:** (b)(6); (b)(7)(C) ; Loiacono, Adam V
(b)(6); (b)(7)(C)
**Subject:** RE: (b)(5) 274D - Sanctuary cases

Thanks. (b)(5)
(b)(5)


_____
Michael P. Davis
Executive Deputy Principal Legal Advisor
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)


*Please note that this message may contain sensitive and/or legally privileged information (attorney work product, attorney-client communication, deliberative process, personally identifiable information, law enforcement sensitive, etc.) and should be handled accordingly.*

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, November 21, 2019 1:07 PM
**To:** Loiacono, Adam V <(b)(6); (b)(7)(C) Davis, Mike P (b)(6); (b)(7)(C)
**Subject:** FW: (b)(5) 274D - Sanctuary cases

Adam / Mike,

Because the issue is coming up today, I'm forwarding this for your awareness. (b)(5)

(b)(5)

Thanks,

(b)(6);

Chief
Enforcement and Removal Operations Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
(b)(6); (b)(7)(C)

--- ATTORNEY/CLIENT PRIVILEGE --- ATTORNEY WORK PRODUCT ---
This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient.  Please notify the sender if this message has been misdirected and immediately destroy all originals and copies.  Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement.  This document is for INTERNAL GOVERNMENT USE ONLY.  FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, November 21, 2019 12:59 PM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** FW: (b)(5) - 274D - Sanctuary cases

(b)(6); (b)(7)(C) just FYSA (b)(5); (b)(6); (b)(7)(C)

(b)(5)

(b)(5)

Let me know if I garbled, or you want to discuss.

(b)(6); (b)(7)(C)

(b)(6); (b)(7)(C) |Associate Legal Advisor
**Enforcement & Removal Ops Law Division**
ICE Office of the Principal Legal Advisor

(b)(6); (b)(7)(C)

**Attorney/Client Privilege ***Attorney Work Product**
This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for
release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this email
has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office
of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE
ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, November 21, 2019 12:35 PM
**To:** (b)(6); (b)(7)(C)
**Cc:**
**Subject:** RE: (b)(5)    274D - Sanctuary cases

Very well pu (b)(6); (b)(5)
(b)(5)

Also as we discussed, (b)(5)
(b)(5)

(b)(5)    I'll keep you posted.

Let me know if you'd like to discuss further.

(b)(6);

(b)(6); (b)(7)(C) |Associate Legal Advisor
**Enforcement & Removal Ops Law Division**
ICE Office of the Principal Legal Advisor
(b)(6); (b)(7)(C)

**Attorney/Client Privilege ***Attorney Work Product**
This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for
release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this email
has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office
of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE
ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** (b)(6); (b)(7)(C)
**Sent:** Thursday, November 21, 2019 12:23 PM
**To:** (b)(6); (b)(7)(C)
**Cc:**
(b)(6); (b)(7)(C)

**Subject:** (b)(5) 274D - Sanctuary cases
**Importance:** High

Hi (b)(6); as a recap to our conversation - (b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

(b)(5)

Let me know if this interpretation summarizes our discussion and whether it sounds correct.

Thanks in advance!

(b)(5)

# EXHIBIT D.21.

Page 1973

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 1974

Withheld pursuant to exemption

(b)(5)

of the Freedom of Information and Privacy Act

Page 1975

Withheld pursuant to exemption

(b)(5) ; (b)(6) ; (b)(7)(C)

of the Freedom of Information and Privacy Act

# EXHIBIT

# D.22.

For fines relating to a voluntary departure violation under INA § 240B, the fine amount is set by the Immigration Judge during the alien's hearing within a statutory range of $1,000 to $5,000. If the judge does not specify an amount, then a presumptive amount of $3,000 is used. This amount is adjusted annually for inflation. The most recent adjustment in 2019 raised the presumptive amount to $4,792.

When determining the amount of the penalty for a violation of INA § 274D, multiple factors are considered – to include any egregious actions taken by the alien in an effort to avoid removal. While the amount of the § 274D fine is set by ICE and is discretionary, by law it cannot exceed the 2019 adjusted rate of $799 for each day the alien fails to comply with the removal order.

**Discussion**

In April 2019, you were tasked with providing to HQ details on 9 individuals who actively sought sanctuary from removal by entering into residence at a church or other sensitive location. The information provided was to be used to determine whether to impose a civil penalty against these individuals who have made clear their intention to continue non-compliance with their departure orders.

(b)(5)

(b)(5)

(b)(5)
Copies of these NIFs are attached in 9 separate documents which are identified by the A-number, last name, and field office. (b)(5)

(b)(5)

(b)(5)

Over the next 30-45 days, as responses to the NIFs are received at HQ, copies will be sent to the appropriate AOR for inclusion into the alien's record. (b)(5)

(b)(5)

(b)(5) please contact (b)(6); (b)(7)(C) Enforcement Program Manager, at (b)(6); (b)(7)(C) @ice.dhs.gov

(b)(5)

(b)(5)

(b)(5) Included below are some taking points prepared by the ICE Office of Public Affairs in the event they are needed locally.

## Talking Points

- The Immigration and Nationality Act allows the government to impose civil fines on aliens who are granted voluntary departure but fail to depart the United States; and on aliens who have received a final order of removal but refuse to depart the United States.

- Existing Department of Homeland Security regulations have set the financial penalty for failing to voluntarily depart the United States at $3,000 unless an immigration judge specifically orders a higher or lower amount within a statutory range of $1,000 - $5,000.

- Under the INA, the civil penalty for willfully refusing to depart the United States pursuant to a final order of removal is no more than $500 per day; currently adjusted to $799 due to inflation.

- U.S. Immigration and Customs Enforcement is required to issue a Notice of Intention to Fine (NIF) upon the person subject to the civil penalty. The alien has 30 days to respond, and is granted procedural rights to establish a defense if they believe a fine should not be imposed.