UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AUSTIN SANCTUARY NETWORK, *et al.*,<br>　　Plaintiffs,<br><br>　　　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 20-cv-1686<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MICHELE E. WELCH

I, Michele E. Welch, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

**1.** I am the Acting Unit Chief of the Information Disclosure Unit of U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO"). I have held this position since January 30, 2022. As the Acting Unit Chief of ERO's Information Disclosure Unit (IDU), I serve as the FOIA subject matter expert in ERO FOIA supporting major administrative programs in ERO. My position requires knowledge of immigration policies and procedures, immigration forms, as well as access to, and experience with, all immigration data systems that are required to search, review, analyze and interpret data and documents. My official duties and responsibilities concern the general management and oversight of IDU staff who respond to Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and Privacy Act ("PA"), 5 U.S.C. § 522a, request taskings from the ICE FOIA Office for ERO records. In turn, ERO IDU reviews the taskings and collaborates with internal stakeholders to define search requirements, identify and task ERO units most likely to have records responsive to the request, and collect potentially responsive records for further review and processing by the ICE FOIA Office. I am

responsible for all FOIA litigations concerning ERO records and I routinely advise on ERO's search for records and the basis to withhold information contained in ERO records.

**2.** I make this declaration in support of ICE's Motion for Summary Judgment in the above-captioned action. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

**3.** On September 17, 2019, the ICE FOIA Office sent my office the Plaintiffs' FOIA request that I understand to be the subject of this litigation (the "Request"). The Request is dated September 11, 2019. The Request sought, generally, records pertaining to the assessment and collection of civil fines and penalties pursuant to Section 274D of the Immigration and Nationality Act, INA § 274D, 8 U.S.C. § 1324d. A true and correct copy of the Request is attached hereto as Exhibit 1.

**4.** I employed my knowledge and experience of ERO's operations and activities, as well as my subject matter expertise of ERO's file systems, to determine which ERO systems should be searched and to whom to forward the search tasking corresponding to the Request.

**5.** As explained in the Declaration of Fernando Pineiro, upon initial receipt of the Request, I identified three specific divisions of ERO that were likely to have responsive records: ERO Policy, ERO Field Operations, and ERO Enforcement. These divisions were subsequently tasked to search for responsive records. In turn, the divisions each conducted searches of their own files based on their own expertise and knowledge of how their respective records are maintained.

**6.** Then, after further review and discussion with agency counsel, I advised several senior ERO leaders to conduct additional searches of their own files for responsive records. The

senior ERO officials included: Enrique Lucero, the Executive Associate Director (EAD); Tae Johnson, the Deputy Executive Associate Director (DEAD); and Caleb Vitello, the Chief of Staff. All three individuals searched their respective files and returned potentially responsive records which were provided to the ICE FOIA Office for processing.

7. The three ERO leaders were identified based on my matter expertise and knowledge of the ERO program office's function and operation. Additionally, I confirmed that in June 2018 the director of ICE delegated general responsibilities and efforts to assess civil fines on individuals who failed to depart the United States despite a final order of removal to ERO. Therefore, the senior leaders of ERO were responsible for implementing and enforcing the civil fines policy on behalf of ICE.

8. On June 19, 2018, ICE enacted a policy, through ICE Directive 10088.1 titled Fines and Penalties for Civil Violations of Immigration Law. The Directive sets forth ICE's policy for the assessment and collection of fines and penalties in three scenarios: (i) failure to voluntarily depart the United States within the specified voluntary departure period, pursuant to INA § 240B(d)(1), (ii) engaging in prohibited activities involving document fraud, pursuant to INA § 274C(d)(3), and (iii) willfully failing to depart pursuant to a final order of removal, pursuant to INA § 274D(a). A true and correct copy of Directive 10088.1 is attached hereto as Exhibit 2.

9. Directive 10088.1 also delegates responsibility for implementing the civil fines initiative to two individuals at ICE, the Executive Associate Director of ERO and the Principal Legal Advisor, as well as an additional individual at DHS. Specifically, Directive 10088.1 makes the Executive Associate Director of ERO and the Principal Legal Advisor "responsible for ensuring compliance with the provisions of th[e] Directive and issuing guidance within his or her Directorate or Program Office for implementation, as appropriate."

10. The same day that ICE implemented Directive 10088.1, Acting Director Homan issued Delegation Order 01-2018. A true and correct copy of Delegation Order 01-2018 is attached hereto as Exhibit 3.

11. Delegation Order 01-2018 delegated authority to the ERO Executive Associate Director (EAD), Deputy Executive Associate Director (DEAD), and Field Office Directors for administering and enforcing the provisions relating to civil penalties for failing to depart under INA §§ 240B and 274D, 8 U.S.C. §§ 1229c and 1324d and 8 C.F.R. Part 280.

12. Thus, by their terms, Directive 10088.1 and Delegation Order 01-2018 provided ERO leadership with authority and discretion to impose civil penalties on aliens subject to a final order of removal who willfully failed or refused to depart the United States pursuant to the order.

13. Given the ICE Director's delegation of authority, through Delegation Order 01-2018, it was ERO leadership that determined the who, what, when, where, and how to assess fines pursuant to 274D.

14. Accordingly, it was determined that ERO leadership would be likely to have records responsive to the Request.

15. I understand Plaintiffs have argued that ICE should have searched the files of Thomas Homan, Thomas Blank, Matthew Albence, and Jon Feere. Thomas Homan was the Acting Director of ICE from January 30, 2017, through June 29, 2018; Thomas Blank was the Chief of Staff for ICE from April 2017, through June 2019;[1] Matthew Albence was the Deputy Director of ICE in August 2018 and served as Acting Director of ICE from July 5, 2019, through August 25, 2020, and again from April 13, 2019, through May 27, 2019; and Jon Feere was a

---

[1] Thomas Blank's and Thomas Homan's tenure at ICE had ended well before Plaintiffs' submitted the Request to ICE.

Senior Advisor to the Director and then served as Chief of Staff from January 2017 through January 2021.

16. Messrs. Homan, Blank, Albence and Feere were all part of the ICE Director's Office. Once Directive 10088.1 and Delegation Order 01-2018 were issued, the ICE Director's Office was not involved in ERO's efforts to implement the civil fines policy.

17. It is possible that ERO leadership may have provided occasional updates to the ICE Director's Office on their implementation of Directive 10088.1. However, ERO leadership implemented Directive 10088.1, pursuant to Delegation Order 01-2018, largely without oversight.

18. Thus, I did not believe that it was likely that the ICE Director's Office would have records responsive to the Request beyond what was contained in the files of ERO leadership and the specific ERO divisions that searched their file systems.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 3, 2022

_____
Michele E Welch
Acting Unit Chief | Information Disclosure Unit
Operations Support/Mission Support Division
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009